UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES MCDUFFY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00283-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner James McDuffy filed this habeas corpus action challenging his 2002 parole revocation following his theft conviction in Indiana case 49G06-0012-CF-222257. Mr. McDuffy is no longer in custody pursuant to the state-court judgment he challenges, so his petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction.

"Federal courts have jurisdiction over a habeas petition only if the petitioner is 'in custody pursuant to the judgment of a State court.'" *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (quoting 28 U.S.C. § 2254(a)). Where a petitioner "'is no longer serving the sentences imposed pursuant to' the conviction challenged in a petition," he cannot satisfy the custody requirement. *Id.* (quoting *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001)).

Mr. McDuffy completed his sentence for case 49G06-0012-CF-222257 in 2002. *See* Dkt. 15-5 at 18−19 (ordering Mr. McDuffy to serve 30 days in Indiana Department of Correction following parole violation). He is currently serving a 185-year sentence based on his 2013 convictions for murder, kidnapping, attempted murder, robbery, and conspiracy to commit kidnapping. *McDuffy v. State*, 2014 WL 4446375, at *2 (Ind. Ct. App. Sept. 10, 2014).

1

Mr. McDuffy asserts (and the respondent agrees) that his 2002 conviction was used to enhance his current sentence. Dkt. 2 at 6; dkt. 8 at 1 (2002 conviction "was a predicate offense for his [2013] habitual enhancement"). But "'when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B.'" *Stanbridge*, 791 F.3d at 721 (quoting *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990)).

Mr. McDuffy's petition does not purport to challenge his 2013 conviction, and the Court will not construe it as such a challenge because (1) it would be futile and (2) it might limit Mr. McDuffy's ability to file another petition challenging that conviction. *See Coss*, 532 U.S. at 403−04 ("If [a prior] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."); 28 U.S.C. § 2244(b)(2) (limiting a petitioner's ability to bring a second or successive petition challenging the same conviction).

Accordingly, this action is **DISMISSED** for lack of jurisdiction. All pending motions are **VACATED**. Final judgment shall enter.

**SO ORDERED.**

Date: 1/14/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES MCDUFFY
113995
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Justin F. Roebel
INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov